**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| **ROBERT LEE PIRTLE, ALISON LOUISE** | ) | | |
| **MYLES-CORNELIUS, and KIMBERLY** | ) | | |
| **LAWRENCE** | ) | | |
| | ) | | |
| **Plaintiffs,** | ) | | |
| | ) | | |
| **v.** | ) | **No.:** | **1:19-cv-01132-JDT-jay** |
| | ) | | |
| **CITY OF JACKSON POLICE.** | ) | | |
| **DEPARTMENT, ET AL.,** | ) | | |
| | ) | | |
| **Defendants.** | ) | | |
| | ) | | |

---

**REPORT AND RECOMMENDATION**

---

On June 24, 2019, Plaintiffs Robert Lee Pirtle, Alison Louise Myles-Cornelius, and Kimberly Lawrence initiated this action through the filing of a *pro se* civil Complaint under 42 U.S.C. § 1983.   This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05). Plaintiff Pirtle and Plaintiff Myles-Cornelius sought and received *in forma pauperis* status.   Plaintiff Lawrence paid the filing fee.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to conduct a screening of the Complaint because Plaintiff Pirtle and Plaintiff Myles-Cornelius have been granted *in forma pauperis* status. "Notwithstanding any filing fee, or any portion thereof, that may have been paid," the court must dismiss the case at any time if, among other things, the court finds that the action or appeal is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See*

1

28 U.S.C. § 1915(e)(2)(B). As set forth below, as a result of his screening of the Complaint, the Magistrate Judge recommends that this case be dismissed.

Additionally, on August 12, 2019, Plaintiff Pirtle filed a "Petition to the United Stated District Court Western District of Tennessee, Eastern Division for a [sic] Order of Injunction Against the Above Style [sic] Defendant(s)." (Docket Entry ("D.E.") 7.)   On August 23, 2019, Plaintiff Pirtle filed his second request for injunctive relief  (D.E. 9) which appears, with the exception of a notarization, to be an exact copy of his first request. Because the contents of these filings essentially mirror each other, this Report and Recommendation will cite to the contents of the second filing (D.E. 9), which the Magistrate Judge shall reference individually as the "Motion for Injunctive Relief."   For the reasons set forth below, the Magistrate Judge recommends that request for injunctive relief (D.E.7; D.E. 9) be denied.

## I.      RECOMMENDATION OF DISMISSAL

The Magistrate Judge's ability to screen this matter pursuant to 28 U.S.C. § 1915(e)(2)(B) rests upon the fact that two of the plaintiffs sought *in forma pauperis* status.   *See Benson v. O'Brian*, 179 F.3d 1014, 1017, n. 2 (6th Cir. 1999.) It does not appear that the Magistrate Judge has authority to screen this matter, under 28 U.S.C. § 1915(e)(2)(B), with respect to Plaintiff Lawrence because she paid the entire filing fee. *See Benson*, 179 F.3d at 1016-1017.   However, as set forth below, the Magistrate Judge, through his screening of the Complaint with respect to Plaintiff Pirtle and Plaintiff Myles-Cornelius, finds that dismissal of the entire Complaint is warranted.   Therefore, while Plaintiff Lawrence's potential claims may not be subject to dismissal pursuant to § 1915(e)(2)(B), the Magistrate Judge recommends the *sua sponte* dismissal of her purported claims for failure to state a claim upon which relief can be granted. *See Apple v. Glenn*, 183 F.3d 477, 489 (6th Cir. 1999) (holding that *sua sponte* dismissal of a complaint where the

2

filing fee has been paid is only appropriate: (1) when the court gives the plaintiff an opportunity

to respond and/or amend the complaint or (2) when the complaint is subject to dismissal under

Fed. R. Civ. P. 12(b)(1) because its allegations "are totally implausible, attenuated, unsubstantial,

frivolous, devoid of merit, or no longer open to discussion.") The Magistrate Judge notes that

Plaintiff Lawrence's ability to object to this Report and Recommendation satisfies the requirement

that she be given notice and an opportunity to respond to the potential dismissal.

### Standards

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint,

or any portion thereof, if the action—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be

granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662,

667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v.

Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the

complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if

they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir.

2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that

. . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*,

556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original). When considering a *pro se* complaint, "the court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed App'x 573, 574 (6th Cir. 2003).

Dismissal for failure to state a claim is appropriate where the allegations, if taken as true, show that relief is barred by the applicable statute of limitations. *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Alston v. Tenn. Dept's of Corr.,* 28 F. App'x 475, 476 (6th Cir. 2002) ("Because the statute of limitations defect was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate."); *Bell v. Rowe*, 178 F.3d 1293 (Table), 1999 WL 196531, *1 (6th Cir. 1999) ("Where a particular claims is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law and therefore may be dismissed

4

as frivolous under § 1915(e).).  "*Sua sponte* dismissals of a complaint are appropriate where a statute-of-limitations defect is obvious from the face of the complaint." *Bowman v. Fister*, No. 16-6642, 2017 WL 5495717, * 2 (6th Cir. Mar. 22, 2017) (italics added).

28 U.S.C. § 1915(e) "requires a district court to *sua sponte* dismiss an *in forma pauperis* complaint that […] fails to state a claim." *Mason v. Polster,* No. 17-3117, 2018 WL 3968215, *1 (6th Cir. May 17, 2018) (italics added).  Additionally, as previously stated, while the court is required to dismiss *in forma pauperis* complaints that fail to state a claim upon which relief can be granted, a plaintiff who has paid the filing fee may only be dismissed *sua sponte* for failure to state a claim if the plaintiff is given notice of the potential dismissal and an opportunity to respond. *Benson*, 179 F.3d at 1017; *Landham v. U.S. Attorney General*, 102 Fed. App'x 480, (6th Cir. 2004). When a matter is dismissed *sua sponte* for failure to state a claim, the court is not required to permit service of the complaint on the defendants or permit the defendants to respond to the potential dismissal. *See Morrison v. Tomano*, 755 F.2d 515, 516-517 (6th Cir. 1985); *see also Estate of Abdulla ex rel. Carswell v. Arena*, 601 Fed. App'x 389, 396 (6th Cir. 2015).

### Plaintiffs' Allegations[1]

Plaintiffs filed a "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983" alleging that they are entitled to monetary relief for the Defendants' actions. (D.E. 1, PageID 1-2.) Plaintiffs claim, in a conclusory manner, that the Defendants' actions were: arbitrary, harassing, an

---

[1] The allegations set forth within this section are derived from the Complaint and its attachments, which for the purposes of this Report and Recommendation will be referred to collectively as the "Complaint."  *See Gibbons v. Kentucky Dept. of Corrections*, No. 3:07CV-P697-S, 2009 WL 1247095, *2 (W.D. Ky. May 5, 2009) ("[W]hen a plaintiff attaches an exhibit to his complaint, the attachment becomes a part of that pleading and may be considered. *See* Fed. R. Civ. P. 10(c).").

obstruction of justice[2], denials of "equal protection of law by the due process of law," and tantamount to cruel and unusual punishment.[3] (*Id.*, PageID 1-2; D.E. 1-1, PageID 8.) These conclusory allegations are not entitled to any presumption of truth. *Gucwa v. Lawley*, 731 Fed. App'x 408, 422 (6th Cir. 2018). Instead, the Magistrate Judge will focus on the factual allegations contained within the Complaint.

Specifically, the Plaintiffs complain of an incident on January 23, 2018, when a Defendant, identified as Nathaniel Shoate, executed a search warrant upon Plaintiff Pirtle and/or Plaintiff Myles-Cornelius's residence. (D.E. 1-1, PageID 5-6.) Plaintiffs complain about the manner in which the search warrant was executed and the manner in which Plaintiff Pirtle was presumably arrested on that date. (*Id.*, PageID 5-6).

Plaintiffs next address what they label a "Harassment Action." (*Id.*, PageID 7).   Plaintiffs assert that "prior to the day in question" and "before the finding and filing of the said indictment" on several occasions law enforcement officers stopped Plaintiff Pirtle and Plaintiff Lawrence in a harassing manner. (*Id.*) Plaintiffs further assert that "soon thereafter on or about March 1, 2017,"

---

[2]There is no "obstruction of justice" right enforceable under 42 U.S.C. § 1983. *See Raimondo v. Myers*, No. 04-CV-74287-DT, 2005 WL 2777001, *3 (E.D. Mich. Oct. 25, 2005). Assuming, *arguendo*, that the Plaintiffs intended to assert a malicious prosecution claim, the Complaint fails to do so. Here, Plaintiffs' allegations concerning "obstruction of justice" are all conclusory in nature and not entitled to any presumption of truth. (D.E. 1-1, PageID 8.) In fact the only facts alleged by the Plaintiffs with respect to their purported "obstruction of justice" claim was that they received an indictment for five (5) different charges. (Id., PageID 7, 18-23.) Generally, the return of an indictment precludes a plaintiff from bringing malicious prosecution claims because the indictment conclusively determines the existence of probable cause. *Cook v. McPherson,* 273 Fed. App'x 421, 423-424 (6th Cir. 2008).   Plaintiffs have not alleged any facts to demonstrate that an exception to this rule applies. Therefore, Plaintiffs have not stated a claim for obstruction of justice or malicious prosecution under 42 U.S.C. § 1983.

[3] Plaintiffs have alleged zero facts supporting a claim of cruel and unusual punishment because (1) Plaintiffs have not alleged that they were convicted and thus "punished" and (2) Plaintiffs have failed to allege that they were deprived of

law enforcement officials stopped the Plaintiffs and discovered cocaine. (*Id.*)   Plaintiffs appear to contend that this discovery should have led to a misdemeanor charge, but instead resulted in an indictment with five (5) different charges.   A copy of the indictment, which was filed by the Plaintiffs with their Complaint, indicates that it was returned in November of 2017. (*Id.*, PageID 18-23).

Plaintiff Pirtle also seeks the return of three vehicles, which he claims were improperly seized. (*Id.*, PageID 9.)   Plaintiffs have attached copies of the Notices of Seizure and Forfeiture to their Complaint. (*Id.*, PageID 15-18.) These documents indicate that the vehicles were seized in October of 2017. (*Id.*)

## Analysis

### *Potential Claims*

42 U.S.C. § 1983 provides that "[e]very person who ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ..." 42 U.S.C. § 1983. In order to prevail on such a claim, a plaintiff "must establish that a person acting under color of state law deprived [him or her] of a right secured by the Constitution or laws of the United States." *Dorsey v. Barber*, 517 F.3d 389, 394 (6th Cir.2008). Therefore, in order to state a claim under 42 U.S.C. § 1983, Plaintiffs must allege sufficient facts that, if taken as true, would establish a deprivation of their constitutional and/or federal statutory rights.

7

*Traffic Stops*

The Magistrate Judge finds that the Plaintiffs have failed to state a claim under 42 U.S.C. § 1983 for the allegedly harassing traffic stops because: (1) such claims are barred by the statute of limitations and (2) Plaintiffs have not alleged sufficient facts to demonstrate that the stops violated a right secured to them by the Constitution or federal statute. While the Complaint is unclear as to the specific dates for each of the alleged traffic stops, the Complaint is clear that the traffic stops culminated in both a final stop in March of 2017 and the return of the indictment, which occurred in November of 2017. (D.E. 1-1, PageID 7. 18-23.)[4] In Tennessee, the statute of limitations for claims under 42 U.S.C. § 1983 is one year. *See Gray v. City of Jackson,* 70 Fed. App'x 255 (6th Cir. 2003). However, the Complaint was not filed until June 24, 2019. Therefore, the Magistrate Judge finds that any claim under 42 U.S.C. § 1983 related to the traffic stops addressed in the Complaint are barred by the statute of limitations.

Additionally, assuming, *arguendo*, that the Plaintiffs purported claims concerning the traffic stops were not barred by the statute of limitations, the Plaintiffs have still failed to allege sufficient facts to demonstrate that the stops were in any way impermissible or violative of the Constitution. While the Magistrate Judge will interpret the *pro se* Complaint liberally, the Plaintiffs must allege sufficient facts to demonstrate that the stops somehow deprived them of their constitutional rights. Here, Plaintiffs only allege that the stops happened multiple times, were "unwarrant[ed]," and done "in a manner that would appear a form of harassment." The Magistrate Judge will not "conjure up unpleaded facts to support [the Plaintiffs] conclusory allegations." *See*

---

[4] This finding is based upon Plaintiffs allegations that the stops were made prior to the finding and filing of the Indictment and that "soon thereafter on or about March 1, 2017" the last described stop occurred. (D.E. 1-1, PageID 7, 18-23.)

*Jindau v. Fitzgerald,* 230 F.3d 1358 (Table), 2000 WL 1359640 (6th Cir. 2000). Furthermore, the Plaintiffs have failed to identify what actions any of the listed Defendants purportedly took against them with respect to the traffic stops. Therefore, the Magistrate Judge finds that the Plaintiffs have failed to allege facts that, if taken as true, demonstrate that the Defendants deprived the Plaintiffs of any right, privilege, or immunity secured by the Constitution or federal statute, as a result of the traffic stops.

### *Seizure/Forfeiture of Vehicles*

The Magistrate Judge finds that the Plaintiffs have failed to state a claim under 42 U.S.C. § 1983 for the forfeiture of the vehicles at issue here because: (1) such claims are barred by the statute of limitations and (2) Plaintiffs have not alleged sufficient facts to demonstrate that the stops were improper. Plaintiff's Complaint indicates that the vehicles were seized in October of 2017. (D.E. 1-1, PageID 15-18.) Plaintiffs did not initiate this action until June of 2019. Therefore, Plaintiffs' claims related to the seizure of the vehicles are also barred by the statute of limitations.[5]

---

[5] The Magistrate Judge notes that the accrual dates for § 1983 claims related to a seizure/forfeiture could change depending on the status of the underlying forfeiture action. *Compare Hill v. State of Tenn.*, 868 F. Supp. 221, 224 (M.D. Tenn. 1994) ("holding that the plaintiff's § 1983 action did not accrue until he received the notice that his request to appeal the forfeiture had been denied) *with Holt v. Young,* No. M2000-00243-COA-R3-CV, 2001 WL 1285880, * 5 (Tenn. Ct. App. Oct. 25, 2001) (holding that, when the vehicle owner failed to file a claim within fourteen days of receipt of notification of seizure, the plaintiff's claims under § 1983 concerning the forfeiture of the accrued fifteen days following the receipt of notification of seizure.) Here, Plaintiffs have not set forth any facts to demonstrate that they contested the forfeiture at the state court level or filed a claim. Therefore, the Magistrate Judge finds that the claims accrued no later than November of 2017.

Furthermore, assuming, *arguendo*, that the Plaintiffs' claims regarding the seizure/forfeiture of the vehicles were timely, the Plaintiffs failed to allege sufficient facts to demonstrate that the seizures/forfeitures were improper. In fact, the Magistrate Judge can only glean the following facts from the Complaint and its attachments: (1) that the vehicles were seized, (2) that Plaintiff Pirtle received notice of the seizures, and (3) that the seizure occurred in October of 2017. (D.E. 1-1, PageID 9, 15-17). The Magistrate Judge finds that these facts are insufficient to state a claim under 42 U.S.C. § 1983.   Furthermore, the Plaintiffs' conclusory allegations that the vehicles were "seized in violation of the equal protection clauses [sic]" and in an "arbitrary action." (D.E. 1-1, PageID 9.) do not rectify the Plaintiffs' failure to provide sufficient factual allegations to show that the seizure/forfeiture of the vehicles somehow resulted in a constitutional or federal statutory deprivation.

### January 23, 2018, Search and Arrest

Plaintiffs' claims regarding the search of Plaintiff Pirtle and/or Plaintiff Myles-Cornelius's residence on January 23, 2018, if liberally construed, appear to be Fourth Amendment claims. The Fourth Amendment protects "[t]he right of people … against unreasonable searches and seizures[.] *See* U.S. Const. Amend IV. "A claim of excessive force under the Fourth Amendment requires that a Plaintiff demonstrate that a seizure occurred and that the forced used in effecting the seizure was objectively unreasonable." *Rodriguez v. Passinault*, 637 F.3d 675, 680 (6th Cir. 2011.) Here, the Plaintiffs' factual allegations concerning the events of January 23, 2018, at a minimum, appear to state a claim for excessive force against a Defendant identified as Nathaniel Shoate. However, because the incidents addressed in the Complaint occurred on January 23, 2018, and the Complaint was not filed until June of 2019, any relief for such actions under 42 U.S.C. § 1983 is barred by the statute of limitations.   Therefore, the Magistrate Judge finds that the Plaintiffs have not stated

a claim upon which relief can be granted for the search and arrest on January 23, 2018.[6]

*Equal Protection*

The Sixth Circuit Court of Appeals has held that in order to state an equal protection claim under 1983, a plaintiff must allege either (1) "that she is a member of a protected class and that she was intentionally and purposefully discriminated against," or (2) if pursuing a class-of-one equal protection claims, "that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Compare Jones v. Union County, TN*, 296 F.3d 417, 426 (6th Cir. 2002) *with Franks v. Rubitschun*, 312 Fed. App'x 764, 765 (6th Cir. 2009) (internal punctuation and citations omitted.) Here, Plaintiffs have not alleged any facts to support an equal protection claim under either equal protection theory. Plaintiffs did not allege facts to demonstrate that they were members of a protected class or that they were intentionally discriminated against. Similarly, Plaintiffs did not facts to demonstrate that they were intentionally treated differently from others similarly situated. Therefore, the Complaint does not state an equal protection claim. Moreover, assuming, *arguendo*, that it did, such claims would be barred by the statute of limitations because the most recent conduct identified in the Complaint occurred in January of 2018.

---

[6] The Magistrate Judge does not make a finding with respect to whether the Plaintiffs also state a claim under the Fourth Amendment with respect to the manner in which the search of the residence occurred, because, like the Plaintiffs' claim concerning Plaintiff Pirtle's arrest, any such claim is barred by the statute of limitations.

**Recommendation**

The Magistrate Judge finds:

1.  All of Plaintiffs' purported claims are barred by the statute of limitations;

2.  If the Plaintiffs' claims related to the traffic stops and seizure/forfeiture of the vehicles are not barred by the statute of limitations, the Plaintiffs have not alleged sufficient facts to demonstrate the existence of a deprivation of 42 U.S.C. § 1983 for the alleged conduct.

Therefore, the Magistrate Judge respectfully recommends, pending the District Court's review of any objections or responses from the Plaintiffs, that this matter be dismissed for failure to state a claim upon which relief can be granted.  Finally, to the extent that the Plaintiffs' Complaint can be liberally construed to assert any claim for relief under Tennessee state law, the Magistrate Judge recommends that the Court decline to exercise jurisdiction over such claims and dismiss them. *See Barbee v. Wal-Mart Stores, Inc.*, No. 01-2228 GBRE, *3-4 (W.D. Tenn. July 16, 2002) (declining to exercises supplemental jurisdiction over remaining state law claims when all federal claims were dismissed.)

## II.    RECOMMENDATION ON INJUNCTIVE RELIEF

As a threshold matter, should the District Court adopt the Magistrate Judge's recommendation of dismissal, the pending request for injunctive relief (D.E.7; D.E. 9) should be denied as moot.    However, if the District Court does not dismiss this matter, the Magistrate Judge still finds that Plaintiff Pirtle has not met the burden for obtaining injunctive relief.    Therefore, the Magistrate Judge recommends that Plaintiff Pirtle's requests for injunctive relief (D.E. 7; D.E. 9) be denied.

### Standard

Rule 65 of the Federal Rules of Civil Procedure authorizes the Court to issue a preliminary injunction.    *See* Fed. R. Civ. P. 65(a)(1). However, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). The purpose of a preliminary injunction "is simply to preserve the status quo." *United States v. Edward Rose & Sons,* 384 F.3d 258, 261 (6th Cir.2004); *see University of Texas v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981); *Tennessee Scrap Recyclers Ass'n v. Bredesen,* 556 F.3d 442, 447 (6th Cir.2009). A party seeking injunctive relief must show a relationship between his/her purported irreparable injury and his/her claims in the underling case. *See Colvin v. Caruso,* 605 F.3d 282, 298 (6th Cir. 2010) (affirming first denial of first motion for preliminary injunction because the plaintiff 'had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint.") "A preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable." *See Cook v. Cashler*, No. 1:11-CV-637, 2012 WL 6861480, at *1 (W.D. Mich. Sept. 12, 2012), *report and recommendation adopted*, No. 1:11-CV-637, 2013

WL 160383 (W.D. Mich. Jan. 15, 2013).

Moreover, when a request for injunctive relief is sufficiently based upon a movant's pending claims, a preliminary injunction will only be granted where "the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Plaintiff must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of the equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. The Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

### Plaintiff Pirtle's Allegations

Plaintiff Pirtle alleges on that on August 1, 2018, he was driving on Southern Street "between the hours of 4:00 and 5:30 evening time," when "Madison County Metro Narcotics Sheriff Dept. Officers" blocked the plaintiff and a passenger and pointed "their pistol" in the plaintiff and his passenger's face. (D.E. 9, PageID 40.) The officers then brought dogs to search the vehicle. (*Id.*) Mr. Pirtle claims that the officer's actions placed him and his passenger in fear for their lives. (*Id.*) He also asserts that the officer continuing abusive and arbitrary behavior inflicted suffering upon him. (*Id.*) He seeks an unspecified injunction pending the resolution of this case. (*Id.*)

14

**Analysis**

The Magistrate Judge finds that Plaintiff Pirtle has not demonstrated that he is entitled to injunctive belief.  He has not carried his burden because: (1) his request for injunctive relief appears unrelated to this pending case, (2) he does not have a likelihood of success upon the merits, (3) he has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief, (4) the balance of equities does not tip in his favor, and (4) an injunction is not in the public interest.

The pending Complaint appears to be related to: activity that allegedly occurred in January of 2018 with respect to the execution of a warrant on Plaintiff Pirtle's residence (See D.E. 1-1, PageID 5-6), instances in which the Plaintiffs were stopped multiple times which culminated in a stop in March of 2017 that led to multiple indictments (*Id*., PageID 7), and the seizure of his vehicles, which according to the documents that Mr. Pirtle filed appear to have occurred in 2017. (*Id*., PageID 18-23).   On the other hand, the Plaintiff's request for injunctive relief appears to be based upon an incident that allegedly occurred in August of 2018. Additionally, Plaintiff's request for injunctive relief does not identify which officers were involved in the August of 2018 incident and/or that they are in anyway related to this pending case. The Magistrate Judge finds that it would be inappropriate to issue an injunction against law enforcement officers and/or entities who may or may not be parties to the underlying action.    Therefore, the Magistrate Judge finds that the Plaintiff has failed to demonstrate his request for injunctive relief is related to the underlying conduct alleged in his Complaint.

Plaintiff Pirtle has also failed to demonstrate that he has a substantial likelihood of success upon the merits. As set forth above, the Magistrate Judge has found that the Complaint fails to state a claim and has recommended dismissal of this action. Therefore, the Magistrate Judge finds

15

that Plaintiff Pirtle has very little likelihood of success upon the merits of this case.

Plaintiff Pirtle has not established that absent an injunction, he is likely to suffer irreparable harm. His Motion for Injunctive Relief identifies an incident in which he and a passenger were stopped by law enforcement officers. Plaintiff claims that the law enforcement officers acted in an arbitrary and abusive fashion. However, he has not provided sufficient facts or evidence to establish that officers alleged actions were impermissible or illegal. Furthermore, assuming, *arguendo*, that they officers' actions were impermissible or illegal, the Plaintiff is not without other potential remedies. Moreover, the Plaintiff has not identified what specific injunctive relief he seeks and how such relief would prevent such harm in the future. Therefore, the Magistrate Judge finds that the Plaintiff has failed to demonstrate that he is likely to suffer irreparable harm in the absence of an injunction.

The Plaintiff has not sufficiently set forth the type of injunction sought. This prevents the Magistrate Judge from weighing the equities and/or harm to the parties. It also prevents the Magistrate Judge from evaluating the public interest in the relief sought. Furthermore, to the extent that the Plaintiff's Motion for Injunctive Relief could be construed as seeking an injunction against law enforcement officer to prevent them from making illegal stops, such an injunction is not appropriate, as Federal Rule of Civil Procedure 65(d) requires injunctive orders to be specific concerning what acts are restrained. *See also Perez v. Ohio Bell Telephone Co.,* 655 Fed App'x 404, 410-411 (6th Cir. 2016). In *Perez,* the Sixth Circuit Court of Appeals explained, "The Supreme Court has warned against 'sweeping injunctions to obey the law' and has cautioned courts about their 'duty to avoid' such orders." *Id.* (internal punctuation omitted) (citing *Swift & Co., v. United States* 196 U.S. 375, 401 (1905). Therefore, Magistrate Judge finds that the balance of equities and public interest factors both militate against the issuance of an injunction.

16

**Recommendation**

The Magistrate Judge finds that Plaintiff Pirtle has not demonstrated that he is entitled to injunctive relief and respectfully recommends that his request for injunctive relief (D.E. 7; D.E. 9) be denied.

Respectfully submitted this the 20th day of September, 2019.

                                        **s/Jon A. York**
                                        UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  28 U.S.C. § 636(b)(1); LOCAL RULE 72.1(g)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**