# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT LEE PIRTLE, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | No. 19-1132-JDT-jay |
| | ) | |
| CITY OF JACKSON POLICE DEPARTMENT ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFFS' OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DISMISSING CASE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On June 24, 2019, Plaintiffs Robert Lee Pirtle, Alison Louise Myles-Cornelius and Kimberly Shawntell Lawrence, residents of Jackson, Tennessee, filed a joint *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The complaint was not accompanied by the $400 filing fee, but only Plaintiff Pirtle submitted a motion to proceed *in forma pauperis*. (ECF No. 2.) United States Magistrate Judge Jon A. York issued an order directing Plaintiffs Myles-Cornelius and Lawrence to submit either the entire filing fee or their own motions to proceed *in forma pauperis*.[1] (ECF No. 6.) Though the

---

[1] The better method would have been to first sever the claims of Plaintiffs Myles-Cornelius and Lawrence and direct the Clerk to open separate civil actions for them, then order those Plaintiffs to either seek pauper status or pay the filing fee in their individual cases. The undersigned Judge prefers that procedure when multiple *pro se* Plaintiffs file a joint complaint,

compliance was untimely, Plaintiff Miles-Cornelius paid the filing fee on August 23, 2019. (ECF No. 8.)  Notwithstanding that payment, Plaintiff Lawrence also submitted a belated motion to proceed *in forma pauperis*.  (ECF No. 10.)  On September 20, 2019, the Magistrate Judge issued an order granting leave to proceed *in forma pauperis* to Plaintiffs Pirtle and Lawrence.  (ECF No. 11.)  That order was unnecessary.  Multiple Plaintiffs allowed to proceed together in a single complaint owe only one joint filing fee; once the entire $400 fee was paid, the complaint should have been treated as a paid complaint.

Plaintiffs have sued the Jackson Police Department (JPD) and five individual law enforcement officers:  Jerod Cobb, Scott Cornelison, Nathaniel Shoate, Dennis Ifantis, and Paul Capps.[2]  The Magistrate Judge issued a Report and Recommendation (R&R) on September 20, 2019, in which he recommended the complaint be dismissed *sua sponte* for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  (ECF No. 12.)  Timely objections to the R&R were filed on October 7, 2019.  (ECF No. 13.)  While the objections purportedly are filed on behalf of all three Plaintiffs, the document is not signed by any Plaintiff.

Plaintiffs' factual allegations are not entirely clear, but Magistrate Judge York construed the complaint as asserting claims involving:  (1) allegedly wrongful traffic stops by JPD officers on various occasions on and before March 1, 2017, the last of which

---

as it prevents the typical situation of a "lead" *pro se* Plaintiff attempting to represent other *pro se* litigants in violation of 28 U.S.C. § 1654.

[2] Plaintiffs refer to both the JPD and the Madison County Metro Drug Unit in their complaint but do not specify whether any of the named Defendants are employed by Madison County rather than the JPD.  (ECF No. 1 at PageID 8.)

resulted in Plaintiffs Pirtle and Lawrence being charged in an indictment on November 27, 2017; (2) Defendant Shoate's allegedly wrongful seizure and forfeiture of three vehicles in Pirtle's possession on October 13, 2017; and (3) the execution of a search warrant and presumed arrest of Plaintiff Pirtle by Shoate and other officers on January 23, 2018, during which Pirtle allegedly was subjected to excessive force. Plaintiffs generally allege the Defendants' actions were arbitrary, violated their rights to equal protection and due process of law, and amounted to cruel and unusual punishment. The Magistrate Judge found that Plaintiffs' claims are barred by the applicable one-year statute of limitations in Tennessee Code Annotated § 28-3-104(a)(1) and/or fail to allege sufficient facts to support any valid cause of action.

Plaintiffs Pirtle and Lawrence allege they were stopped by JDP officers on multiple occasions on and prior to March 1, 2017, actions which they label "harassment." These allegations appear to be an attempt to allege a claim under the Fourth Amendment for unlawful seizure. However, Plaintiffs do not allege there was a lack or probable cause or reasonable suspicion[3] for any of the traffic stops in question, which is required for a Fourth Amendment claim under § 1983. Furthermore, Plaintiffs do not identify any of the JPD officers who made the traffic stops in question.

Apparently as a result of the March 1, 2017, traffic stop, a grand jury in Madison County, Tennessee, charged Pirtle and Lawrence with two counts of possession of cocaine

---

[3] "Generally, an officer needs probable cause to stop a vehicle for a civil infraction and only reasonable suspicion to stop a vehicle for a criminal violation." *United States v. Collazo*, 81 F.3d 247, 253-54 (6th Cir. 2016.)

with intent to deliver and one count of possession of drug paraphernalia. Pirtle also was charged with one count of possessing, selling, bartering, or giving away a prescription drug without a written prescription and one count of violating the Tennessee seat belt law. Plaintiffs allege, without further factual support, that the indictment amounted to an "obstruction of justice." If by alleging "obstruction of justice" Plaintiffs Pirtle and Lawrence are attempting to bring a claim of malicious prosecution, the mere fact they were indicted does not state any valid claim under § 1983, even if they subjectively believe the indictment was not justified.[4] Likewise, without more, the mere fact that Plaintiff Pirtle's vehicles were seized and forfeited does not state a claim under § 1983.

The allegations in the complaint regarding execution of the search warrant in January 2018 also fail to state any valid claim under § 1983. Plaintiffs allege the warrant was executed by Defendant Shoate and other JDP officers at the residence of Pirtle and Myles-Cornelius.[5] However, Plaintiffs do not allege the affidavit supporting the warrant was not based on probable cause.[6] Plaintiff Pirtle presumably was arrested at the time of the search, but he does not state whether he was charged with and prosecuted for any offense as a result. Furthermore, even if Plaintiff Pirtle was subjected to excessive force

---

[4] Plaintiffs Pirtle and Lawrence do not state whether they were convicted of any of the charges in the indictment.

[5] Myles-Cornelius seeks relief as a result of the January 2018 incident, but she does not allege that she was subjected to any type of force or that she was arrested or otherwise harmed. The only allegation in the complaint that appears to involve Myles-Cornelius is that some furniture and other items in the residence were damaged during the search.

[6] The search warrant itself is attached to the complaint, but the supporting affidavit is not included.

during the arrest, any Fourth Amendment claim based on that use of force, like all of the other claims alleged in the complaint, is barred by the one-year statute of limitations. Additionally, Plaintiffs do not identify any individual officers other than Defendant Shoate who were involved in the execution of the search warrant.[7]

In the objection to the Magistrate Judge's R&R, Plaintiffs first refer to the confusion regarding the payment of the filing fee by Myles-Cornelius alongside the grant of leave to proceed *in forma pauperis* to Pirtle and Lawrence. While that was a mistake, it does not affect the R&R. Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a case "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid" if the action fails to state a claim on which relief may be granted. However, if the filing fee has been paid, the Court must first give the plaintiff notice and an opportunity to respond to the proposed dismissal or an opportunity to amend the complaint. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Odom v. Martin*, No. 99-6208, 2000 WL 1176883, at *1 (6th Cir. Aug. 11, 2000). The R&R in this case constitutes sufficient notice and opportunity to the Plaintiffs to respond to the reasons for recommending dismissal.

Plaintiffs further object to the recommended dismissal of this case on the basis of the statute of limitations and appear to argue the one-year period does not begin to run until "after the action claimed would be resolved in a court of law." That assertion is simply

---

[7] Plaintiffs have named the JPD as a separate Defendant, but there are no specific allegations involving the Department. Such claims would be treated as claims against the City of Jackson, requiring Plaintiffs to allege that any constitutional violation was the result of a policy of custom of the City. Plaintiffs have made no such allegations.

wrong. The claims asserted in Plaintiffs' complaint are facially barred by the applicable statute of limitations. The remainder of Plaintiffs' objections to the R&R are not sufficiently clear to warrant further discussion.

For the foregoing reasons, Plaintiffs' objections to Magistrate Judge York's conclusions in the R&R are DENIED. The R&R is ADOPTED, and this case is DISMISSED with prejudice in its entirety for failure to state a claim on which relief may be granted. Plaintiffs' motions for an injunction are DENIED as moot. (ECF Nos. 7 & 9.)

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiffs would not be taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiffs file a notice of appeal, they must also pay the full $505 appellate filing fee to the District Court Clerk or file motions for leave to appeal *in forma pauperis* and supporting affidavits in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                    s/ **James D. Todd**
                                                    JAMES D. TODD
                                                    UNITED STATES DISTRICT JUDGE